IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HILARIO GONZALEZ-BALDERAS, SR., § | |
| Petitioner, § | |
| § | 3:12-CV-4350-G |
| v. § | 3:90-CR-0034-G (06) |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner was one of forty-two individuals named in an indictment arising from a large scale cocaine distribution conspiracy. *United States v. Gonzales-Balderas*, 11 F.3d 1218, 1221 (5th Cir. 1994). After a jury trial, Petitioner was convicted of conspiring to possess more than five kilograms of cocaine with intent to distribute, engaging in a criminal enterprise and conspiring to transport funds out of the United States to promote unlawful activity. *Id*. The Court sentenced Petitioner to life in prison on each of the first two counts and five years for conspiracy to transport funds out of the United States, all to run concurrently. *Id*.

On appeal, the Fifth Circuit vacated Petitioner's conviction for engaging in a criminal enterprise finding this conviction violated double jeopardy. *Id*. at 1225. The Court affirmed Petitioner's two other convictions. The Supreme Court denied Petitioner's petition for writ of

certiorari.

On October 25, 2012, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance of counsel because counsel failed to inform him that the government had offered a twenty-year plea bargain.

On November 29, 2012, the government filed its response arguing, *inter alia*, that the petition is barred by the statute of limitations. On January 29, 2013, Petitioner filed a reply. The Court finds the petition should be dismissed as time-barred.

**II.  Discussion**

**1.      Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA").  The statute provides that the limitations period shall run from the latest of:

(1)     the date on which the judgment of conviction becomes final;
(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;
(3)     the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

Under § 2255(1), Petitioner's conviction became final in 1994 and his current § 2255 petition would be untimely. Petitioner, however, argues his petition is timely under § 2255(3).

Page 2

He states he filed this petition within one year of the Supreme Court's opinions in *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399 (2012). In *Lafler* and *Frye*, the Supreme Court held that the Sixth Amendment right to counsel applies during the plea bargaining process. Petitioner argues his counsel was ineffective when he failed to inform Petitioner that the government made a plea offer of twenty years in prison.

Petitioner cannot show that his § 2255 petition is timely under § 2255(3). That section states that the statute of limitations begins to run on the date the Supreme Court newly recognizes a right, and makes that right retroactively applicable on collateral review. In this case, neither *Lafler* nor *Frye* recognized a new right that is retroactively applicable on collateral review. *In re King*, 697 F.3d 1189 (2012). Petitioner has therefore failed to show that his petition is timely.

2. **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has stated no basis entitling him to equitable tolling. He has failed to show rare

and exceptional circumstances justifying equitable tolling in this case. His § 2255 motion should therefore be dismissed as barred by the one-year statute of limitations.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

Signed this 12th day of August, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).