UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HILARIO GONZALEZ-BALDERAS, SR., | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:12-CV-4350-G |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CRIMINAL ACTION NO. |
| | ) | 3:90-CR-034(06)-G |
| Respondent. | ) | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. The petitioner filed objections, and the district court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The objections are overruled, and the court **ACCEPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge. The court also makes an additional finding and conclusion, discussed below.

While the court agrees with the recommendation of the magistrate judge, it does note that the findings and conclusions of the magistrate judge do not address

the petitioner's argument under 28 U.S.C. § 2255(f)(4).  The magistrate judge

correctly disposed of the petitioner's argument under § 2255(f)(3), but the

petitioner's appeal still would have been timely under § 2255(f)(4) if he could show

that it was filed within one year of "the date on which the facts supporting the claim

or claims presented could have been discovered through the exercise of due diligence."

*See* 28 U.S.C. § 2255(f)(4).  The petitioner invoked this provision in each of his

filings to the court.  *See* Motion to Vacate Under 28 U.S.C. § 2255 (docket entry 2);

Petitioner's Reply to Respondent's Response ("Reply") (docket entry 7); Objection to

Findings and Recommendations (docket entry 11).  Specifically, the petitioner argued

that he could not have known that the prosecution had offered his attorney a plea

bargain until he received the response to a request he filed under the Freedom of

Information Act ("FOIA") on June 29, 2012.  *See* Reply at 4.

    The government addressed this argument in its response to the petitioner's

original motion.  *See* Respondent's Response to Petitioner's Motion to Vacate under

28 U.S.C. § 2255 (docket entry 6).  The government contended that even if the

petitioner did not become aware of the allegedly offered plea bargain until he filed his

FOIA request, he did not explain why he waited seventeen years to file that request.

See *id.* at 5.

    The court agrees with the government, and finds the petitioner's argument

under § 2255(f)(4) meritless.  The Fifth Circuit has explained that "'diligence can be

shown by prompt action on the part of the petitioner as soon as he is in a position to realize' that he should act." *United States v. Jackson*, 470 F. App'x 324, 327 (5th Cir. 2012) (quoting *Johnson v. United States*, 544 U.S. 295, 308 (2005)).  The petitioner has offered no evidence to show why he did not realize that he should file a FOIA request until seventeen years after his conviction.  The court concludes that such a delay in filing does not constitute diligence.  The petition is therefore barred by the statute of limitations.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability.  The court adopts and incorporates by reference the magistrate judge's findings, conclusions and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[*]

---

[*]      Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

**(a) Certificate of Appealability.**  The

(continued...)

In the event that the petitioner files a notice of appeal, the court notes that

( )     the petitioner will proceed *in forma pauperis* on appeal.

(**X**)    the petitioner will need to pay the $455.00 appellate filing
fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

September 6, 2013.

*A. Joe Fish*

**A. JOE FISH**
**Senior United States District Judge**

---

[*](...continued)
district court must issue or deny a certificate
of appealability when it enters a final order
adverse to the applicant.  Before entering the
final order, the court may direct the parties to
submit arguments on whether a certificate
should issue.  If the court issues a certificate,
the court must state the specific issue or
issues that satisfy the showing required by 28
U.S.C. § 2253(c)(2).  If the court denies a
certificate, the parties may not appeal the
denial but may seek a certificate from the
court of appeals under Federal Rule of
Appellate Procedure 22.  A motion to
reconsider a denial does not extend the time
to appeal.

**(b) Time to Appeal.**  Federal Rule of
Appellate Procedure 4(a) governs the time to
appeal an order entered under these rules.  A
timely notice of appeal must be filed even if
the district court issues a certificate of
appealability.

- 4 -