IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HILARIO GONZALES-BALDERAS, SR., | § | |
| Petitioner, | § | |
| | § | 3:12-CV-4350-G |
| v. | § | 3:90-CR-0034-G (06) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Before the Court is Petitioner's motion for to reopen this case under Fed. R. Civ. P. 60(b)(6). (ECF No. 19.) For the foregoing reasons, the Court finds the motion should be construed as a successive petition under 28 U.S.C. § 2255.

Petitioner was one of forty-two individuals named in an indictment arising from a large scale cocaine distribution conspiracy. *United States v. Gonzales-Balderas*, 11 F.3d 1218, 1221 (5th Cir. 1994). After a jury trial, Petitioner was convicted of conspiring to possess more than five kilograms of cocaine with intent to distribute, engaging in a criminal enterprise and conspiring to transport funds out of the United States to promote unlawful activity. *Id*. The Court sentenced Petitioner to life in prison on each of the first two counts and five years for conspiracy to transport funds out of the United States, all to run concurrently. *Id*.

On appeal, the Fifth Circuit vacated Petitioner's conviction for engaging in a criminal enterprise finding this conviction violated double jeopardy. *Id*. at 1225. The Court affirmed Petitioner's two other convictions. The Supreme Court denied Petitioner's petition for writ of certiorari.

On October 25, 2012, Petitioner filed his first § 2255 petition. On September 6, 2013, the district court dismissed the petition as barred by the statute of limitations. On February 11, 2014, the Fifth Circuit denied a certificate of appealability. *Gonzales-Balderas v. Unites States*, No. 13-11063 (5th Cir. Feb. 11, 2014). On January 12, 2015, the Supreme Court denied Petitioner's petition for writ of certiorari. *Gonzales-Balderas v. United States*, No. 14-7306 (Jan. 12, 2015).

On September 12, 2017, Petitioner filed the instant Rule 60(b) motion. He argues his sentenced should be reduced to thirty years based on his age, health condition, and rehabilitation. Since Defendant seeks to collaterally attack his sentence, the Court should construe the pleading as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence"); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

### III.  Recommendation

The Court recommends that the Rule 60(b) motion be construed as a petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and that the petition be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 27th day of November, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).